IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC W. CLARK | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-0561-N-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Eric W. Clark, a Texas prisoner, has filed an application for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   For the reasons stated herein, the application should be denied.

I.

In 2005, petitioner was sentenced to 10 years in prison after pleading guilty to three cases of

delivery of a simulated controlled substance.   Since his incarceration, petitioner has been denied

parole at least five times.   At issue in this proceeding is the most recent decision, issued on

November 3, 2010, denying early release to petitioner because of his criminal history and his record

of excessive drug or alcohol involvement in the instant offenses.[1] Petitioner challenged that decision

in an application for state post-conviction relief.  The application was denied without written order.

*Ex parte Clark*, WR-29,383-02 (Tex. Crim. App. Mar. 9, 2011).  Petitioner then filed this action in

federal district court.

---

[1] In addition to his current drug convictions, petitioner has a prior conviction for sexual assault.  (*See* Resp. Ans., Exh. C).

II.

As best the court understands his claims, petitioner appears to contend that he is entitled to immediate release because his good time credits plus calendar time amount to "129%" of his 10-year sentence. (*See* Pet. Mem. at 3). According to petitioner, the failure of the parole board to grant him early release violates the Due Process Clause, the *Ex Post Facto* Clause, and the Separation of Powers Doctrine.[2]

A.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). However, Texas law provides for mandatory release to certain inmates whose calendar time, combined with good time credits, equals the sentence imposed. *See* TEX. GOV'T CODE ANN. § 508.147(a) (Vernon 2004). The Fifth Circuit has interpreted this statute to create an expectancy of early release, entitling those inmates to due process protections. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007), *citing Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). But Texas law also provides that inmates, like petitioner, who were previously convicted of sexual assault, may not be released to mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.149(a)(6) (Vernon 2001). Because petitioner is not eligible for early release, he "cannot mount a challenge against any state parole review procedure on

---

[2] As part of his answer, respondent points out that another claim raised by petitioner -- that he was slandered and defamed by the parole board -- has not been exhausted. (*See* Resp. Ans. at 4-5). However, such a claim does not implicate the fact or duration of petitioner's confinement, and is not cognizable on federal habeas review. *See Blakely v. Quarterman*, No. 7-04-CV-010-R, 2007 WL 2350893 at *5 (N.D. Tex. Aug. 17, 2007) (citing cases) ("Absent a claim that challenges the fact or duration of confinement, habeas relief cannot be granted."). The court therefore declines to address the exhaustion issue. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

. . . Due Process grounds." *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir.), *cert. denied,* 118 S.Ct. 559 (1997).

B.

Petitioner also complains that the actions of the parole board violate the *Ex Post Facto* Clause. Although petitioner does not have a federal constitutional right to obtain early release, *see Orellana,* 65 F.3d at 31-32, retroactive changes in state parole laws may, in some instances, have *ex post facto* implications. *See, e.g. Garner v. Jones,* 529 U.S. 244, 250, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236 (2000). In the parole context, a change in the law violates the *Ex Post Facto* Clause of the United States Constitution if it "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *'Umar v. Thaler,* No. 3-10-CV-0735-K, 2010 WL 4062508 at *1 (N.D. Tex. Sept. 21, 2010), *rec. adopted,* 2010 WL 4062211 (N.D. Tex. Oct. 14, 2010) (citing cases). Nowhere in his habeas petition or supporting brief does petitioner identify any change in state parole law or procedure that was retroactively applied in this case. His conclusory assertions do not merit habeas relief. *See also Russell v. Cockrell,* No. 3-01-CV-1425-D, 2003 WL 21750862 at *5 (N.D. Tex. Jul. 25, 2003) ("Serving a properly imposed sentence in accordance with the laws existing at the time of one's offenses does not violate the Ex Post Facto Clause.").

C.

Finally, petitioner argues that the parole board violated the Separation of Powers Doctrine by delegating decision-making power to the TDCJ Classification and Records Department. This claim fails for two reasons. First, the Fifth Circuit has held that separation of powers claims involving state branches of government do not give rise to a federal constitutional violation. *Baca v. Owens,* 293 Fed.Appx. 247, 250, 2008 WL 3380769 at *1 (5th Cir. Aug. 7, 2008); *see also Williams v. Quarterman,* No. 3-07-CV-0703-L, 2009 WL 1514687 at *8 (N.D. Tex. May 29, 2009).

Second, parole decisions in Texas lie within the exclusive province of the executive branch of state government through the Texas Department of Criminal Justice. *See Ross v. Cockrell*, No. 3-02-CV-1331-L, 2002 WL 31415979 at *3 (N.D. Tex. Oct. 17, 2002), *citing* TEX. CONST. art. IV, § 11. The courts play no role in such decisions. Thus, the actions of the parole board do not violate the Separation of Powers Doctrine. *Id.*; *see also Ex parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000) (noting that decision whether or not to grant parole is not subject to judicial review).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   October 26, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE